UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>GARY ALLEN MOORE and YALONDA MICHELLE MOORE,<br><br>Debtors. | Case No. A13-00294-GS<br><br>Chapter 13 |

### MEMORANDUM ON DEBTORS' OBJECTION
### TO PROOF OF CLAIM NO. 11

Debtors Gary and Yalonda Moore have objected to CitiMortgage, Inc.'s Proof of Claim No. 11, filed in the amount of $315,260.26, secured against the debtors' residence pursuant to a *Deed of Trust* dated October 8, 2008.[1] The *Deed of Trust* secures a *Note* between the parties in the original amount of $234,393.00.[2] The debtors do not contest the balance owed to CitiMortgage under the *Note*. Rather, they contend that the lack of a legal description in the *Deed of Trust* renders it unenforceable under Alaska law, leaving CitiMortgage with an unsecured claim. For the reasons set forth below, the objection to Claim No. 11 will be OVERRULED.

**Facts**

On October 8, 2008, the debtors borrowed $234,393.00 from CitiMortgage, Inc. The loan was documented by a *Note* and *Deed of Trust*, copies of which are attached to Proof of Claim No. 11. While only Gary Moore signed the *Note*, both debtors signed the *Deed of Trust*, which secures payment under the *Note*, and states:

---

[1] Proof of Claim No. 11, at 12.

[2] *Id*. at 9.

> For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in Anchorage Recording District, _____ Judicial District, Alaska
>
> See Schedule A Attached Hereto and Made a Part Hereof
>
> Parcel ID Number:
> which has the address of 7124 TIMOTHY ST [Street] ANCHORAGE [City], Alaska 99502-2270 [Zip Code] (Property Address")[.][3]

No legal description for the Timothy Street property is found anywhere on the *Deed of Trust* or its Schedule A.  Schedule A identifies debtor Gary Moore as the borrower, lists the Timothy Street address for the property, and provides a closing date of October 8, 2008.[4]

The debtors voluntarily filed their chapter 13 petition on May 31, 2013.  At the time of filing, they had not made a payment to CitiMortgage on their mortgage loan for roughly two and one half years, and were $93,493.82 in arrears on the *Note*.[5]

CitiMortgage filed its Proof of Claim No. 11 on September 4, 2013.  There is no evidence the *Deed of Trust* was ever recorded.   But, CitiMortgage attaches to its *Response to Objection to Claim*, a copy of a *Notice of Lis Pendens* which advises that the bank has commenced an action in state court pertaining to the Timothy Street property.  The full legal description is included in this *Notice*, which was recorded on October 30, 2012.

---

[3] Proof of Claim No. 11, at 12-13.

[4] *Id.* at 21.

[5] *Id*. at 1, 4.

**Discussion**

The debtors contend that without a legal description the *Deed of Trust* fails to sufficiently identify the encumbered property, and, therefore, does not create an enforceable lien. In support of their argument, they cite AS 34.20.070(b)(3), which requires creditors attempting to nonjudicially foreclose upon a deed of trust to record a notice of default that includes "a description of the trust property, including the property's street address if there is a street address."[6]  The statute further provides that "[a]n inaccuracy in the street address may not be used to set aside a sale if the legal description is correct."[7]  The debtors also argue that AS 34.35.005(a), which requires a statutory lien as a prerequisite to foreclosure under its provisions, further supports the conclusion that CitiMortgage's failure to include a legal description voids the *Deed of Trust*.

CitiMortgage, in response, cites cases from other jurisdictions that reject the debtors' position, and hold that the absence of a legal description is not fatal to a creditor's secured status under a deed of trust.[8]  These cases frame the issue as either one of notice in light of the trustee's status as a hypothetical bona fide purchaser for value under § 544(a)(3), or a violation of the statute of frauds under state law.[9]  Either challenge ultimately pivots upon whether the deed of trust provides sufficient information by which the real property can be

---

[6] AS 34.20.070(b)(3).

[7] *Id.*

[8] *Argent Mortg. Co., LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009); *Wiggins v. Cade*, 313 S.W.3d 468, 472 (Tex. App. 2010); *In re Heitmeier,* 2013 WL 5705640 (Bankr. E.D. La. Oct. 18, 2013).

[9] The debtors' claim objection is limited to a challenge under Alaska law, which the court construes as a challenge under Alaska's statute of frauds. CitiMortgage noted, both in its written response and at oral argument, that it recorded a *Notice of Lis Pendens* more than 90 days before the filing of the debtor's petition, and that this document gives sufficient notice of its lien to defeat a trustee's rights as a bona fide purchaser for value under § 544(a)(3). Because the debtors have not raised the issue of the trustee's strong arm powers, it will not be considered here.

identified with reasonable certainty.[10] CitiMortgage argues that the street address provides sufficient information because one can retrieve the legal description for the real property by running the address through the Municipality of Anchorage's tax database.[11]

Neither of the statutes cited by the debtors apply to the formation of a deed of trust or the creation of a valid mortgage lien in real property under Alaska law. AS 34.20.070(b)(3) assumes a valid deed of trust exists, and governs the *enforcement* of the security interest by nonjudicial foreclosure. AS 34.35.005(a) is similarly directed to lien enforcement because it requires a *statutory* lien as a prerequisite to foreclosure "of a lien provided for in this chapter."[12] The issue before the court is whether or not CitiMortgage has a secured claim, not what it must do to foreclose that lien.

Deeds of trust are conveyances of interests in real property, and are governed by the same rules as deeds in general.[13] AS 34.15.010 provides only that conveyances "may be

---

[10] *Heitmeier,* 2013 WL 5705640 at *5 ("Under Mississippi law, either a metes and bounds description or a street address is alone sufficient to reasonably identify the collateral."); *Wiggins,* 313 S.W.3d at 472 ("A deed is not void for uncertainty unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land.")

[11] *Resp. to Obj. to Claim* (Docket No. 39), at 4-5, Ex. C.

[12] AS 34.35 governs mechanics liens and other statutory liens. Deeds of trust, and more specifically the enforcement of deeds of trust, are governed by AS 34.20, which is silent as to their creation. As to enforcement of liens under AS 34.35, Alaska specifically rejects the formality the debtors seek to impose on liens against real property. AS 34.35.020 statutorily confirms that substance, rather than form, controls lien issues. That statute provides that mistakes in the lien notice are not fatal, that substantial compliance with the requirements for lien notice is sufficient, and even the inclusion of nonlienable items in the demand or lien notice are not to be considered material defects, "unless the error affects the substantial rights of the adverse party, acquired in good faith without notice." AS 34.35.020(c).

[13] *See* AS 34.25.090 ("In this chapter 'conveyance' includes every instrument in writing by which an estate or interest in real property is created, alienated, mortgaged, or encumbered, or by which the title to real property is affected, except a will."); *see also* 72 Am. Jur. 2d *Statute of Frauds* § 77 (2013)(citing Williston on Contracts §§ 25:7 to 25:9 (4th ed.) and collecting cases)("A mortgage or deed of trust is a conveyance of an estate or an interest in land and, as such, is within the meaning of those terms as used in the Statute of Frauds.")

4

made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, who is of lawful age, or by the lawful agent or attorney of the person, and acknowledged or proved, and recorded as directed in this chapter, without any other act or ceremony whatever."[14] AS 09.25.010 sets out Alaska's statute of frauds, which specifically applies to conveyances of real property:

> (b) No estate or interest in real property, other than a lease for a term not exceeding one year . . . may be created, transferred, or declared, otherwise than by operation of law, or by a conveyance or other instrument in writing subscribed by the party creating, transferring, or declaring it or by that party's agent under written authority and executed with the formalities that are required by law.[15]

Within the same chapter, AS 09.25.040 provides specific rules "for construing the descriptive part of a conveyance of real property when the construction is doubtful and there are no other sufficient circumstances to determine it."[16] The statute discusses six potential situations, five of which do not apply here. Subsection (1), however, states, "where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false does not frustrate the conveyance, but it is to be construed by those particulars if they constitute a sufficient description to ascertain its application."[17] These statutory rules of construction evidence a recognition that Alaska does not require a legal description for a valid conveyance of real property, provided that there are other specifics in the conveyance which would allow the property to be identified.

---

[14] AS 34.15.010(a).

[15] AS 09.25.010(b); *see also Taylor v. Wells Fargo Home Mortg.*, 301 P.3d 182, 189-190 (Alaska 2013)(applying statute of fraud analysis to deed of trust).

[16] AS 09.25.040.

[17] AS 09.25.040(1).

5

The Alaska Supreme Court rejected any bright line test for the adequacy of a property description in *Shilts v. Young*, 567 P.2d 769 (Alaska 1977).  There, two parties claimed ownership of property on Prince of Wales Island.  The Court was called upon to determine the validity of a recorded deed that identified the property as six numbered blocks of land, located by reference to unnamed and nonexistent streets, "more particularly described on Survey No. 691, made by Chas S. Hubbell."[18]  The referenced survey was not found, and the plat admitted into evidence at trial showed no lot or street designations.

The Court recognized that deeds must identify the real property conveyed "with reasonable certainty."[19]  It also noted that "[o]lder cases suggest that where the terms of the grant or deed leave the identity of the real property completely uncertain, the deed is void."[20]  Yet, considering the adequacy of the property identification where no survey, or the referenced streets existed, the Alaska Supreme Court rejected the bright line test the debtors have proposed:

> The general rule, however, is that where possible, deeds will be made operative and the intentions of the parties given effect.  A deed is not void for uncertainty of description if the quantity, identity or boundaries of the property can be determined by reference to extrinsic evidence.  Such evidence may include parole and subsequent conduct of the parties as well as other documents.  There appear to be few restrictions on the use of extrinsic evidence in ambiguous or uncertain deed cases, although at least one court has cautioned that "there must be sufficient information in the property description to base title

---

[18] *Shilts*, 567 P.2d at 771.

[19] *Id*. at 773.

[20] *Id*.

6

> substantially on written evidence and not principally on parol evidence."[21]

Although the survey referenced in the deed was not available, the trial court was still able to identify the property from the street references and testimony regarding improvements to the property. Based upon the extrinsic evidence, the deed was valid because "the property was adequately described at the time the conveyance was executed."[22]

Alaska has rejected any mechanical test to determine the adequacy of a property description in conveyances of real property. Rather, Alaska looks to whether "the quantity, identity or boundaries of the property can be determined by reference to extrinsic evidence."[23] A number of courts have accepted street addresses as sufficient identification.[24] The debtors do not contend that the street address used in CitiMortgage's *Deed of Trust* is incorrect, or fails to provide sufficient evidence to identify the affected property. They simply argue that the lack of a legal description in that document is fatal to the enforcement of CitiMortgage's lien, and reduces the bank's claim to general unsecured status. However, as CitiMortgage has noted in its *Response*, the street address on the *Deed of Trust* matches the street address for the property that was conveyed to the debtors by *Warranty Deed*, and subsequently conveyed to debtor Gary Moore, individually, by *Quitclaim Deed*. CitiMortgage has demonstrated that the legal description for this property can easily be found

---

[21] *Id.* at 773-774 (footnotes omitted).

[22] *Shiltz*, 567 P.2d at 774. *See also Valdez Bank v. Von Gunther*, 3 Alaska 657 (D. Alaska 1909) (extrinsic evidence used to define property conveyed by deed).

[23] *Shiltz*, 567 P.2d at 773.

[24] *Gresham v. America's Servicing Co. (In re Greshem)*, 373 B.R. 914, 921 (Bankr. W.D. Mo. 2007); *Walker v. U.S. Bank Nat'l Assn. (In re Walker)*, 2007 WL 1575062 at *2 (Bankr. M.D.N.C. April 27, 2007) (collecting cases); *see also supra* note 7.

7

through an address search for this property in the Municipality of Anchorage's website. Given that the legal description for the property can be ascertained through this extrinsic evidence, I find that, under Alaska law, the street address contained in the *Deed of Trust* sufficiently identifies the real property to create a valid secured interest in that property.[25]

For the foregoing reasons, the debtors' objection to Claim No. 11 will be overruled, and CitiMortgage's claim will be allowed as filed. An order will be entered consistent with this memorandum.

DATED: January 15, 2014.

>BY THE COURT
>
> /s/ Gary Spraker
> GARY SPRAKER
> United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
   R. Ullstrom, Esq.
   L. Compton, Trustee
   U. S. Trustee

---

[25] As noted *supra* in note 8, the debtors have challenged the secured status of CitiMortgage under state law, and have not raised arguments under § 544. Under state law, "[a]n unrecorded conveyance is valid as between the parties to it and as against one who has actual notice of it." AS 40.17.080(b). The fact that the *Deed of Trust* is unrecorded is immaterial under the circumstances of this case, because CitiMortgage's *Lis Pendens* provides notice of its interest in the property to third parties.